IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CAROL WINSTEAD,                         *
                                        *
        Plaintiff,                      *
                                        *
    v.                                  *       CV 617-049
                                        *
WARDEN STANLEY WILLIAMS,                *
VALDERINE JACKSON, and WARDEN           *
MARTY ALLEN,                            *
                                        *
        Defendants.                     *

**O R D E R**

Plaintiff Carol Winstead brought this 42 U.S.C. § 1983 action against Defendants Stanley Williams, Valderine Jackson, and Marty Allen for deliberate indifference and retaliation. Before the Court is Defendants' motion to dismiss. (Doc. 5.) Plaintiff filed a response and sur reply in opposition (docs. 6, 9), and Defendants filed a reply in support. (Doc. 8.) Accordingly, the motion has been fully briefed and is ripe for review.

**I. BACKGROUND**

Plaintiff was a prisoner at Georgia State Prison in Reidsville, Georgia. (Compl., Doc. 1, ¶ 1.) On April 27, 2016, Plaintiff filed a grievance with Defendant Jackson asking to be moved to a different cell "citing problems with his sexually

violent and threatening roommate." (Compl. ¶ 7.) Plaintiff's grievance was denied and on June 8, 2016, Plaintiff was sexually assaulted by his cellmate. (Id.)

The assault was investigated by the Georgia Department of Corrections ("GDOC") pursuant to the Prison Rape Elimination Act ("PREA"), 34 U.S.C. § 30302. (Id.) Plaintiff allegedly filed grievances concerning the attack. (Doc. 6, at 2; Doc. 9, at 3) On June 9, 2016, Plaintiff was transferred to Telfair State Prison, which Plaintiff claims was punishment for reporting the sexual assault. (Compl. ¶ 9.) Plaintiff filed a grievance protesting his transfer on November 23, 2016. (Doc. 5-4, at 2.)

On April 13, 2017, Plaintiff initiated this action against Defendants. Plaintiff claims that Defendants Williams and Jackson's failure to transfer him to a different cell demonstrated a deliberate indifference to his safety. Additionally, Plaintiff asserts that Defendant Allen's decision to transfer Plaintiff to Telfair State Prison was in retaliation for Plaintiff's grievances, and therefore violated his First Amendment rights.

## II. STANDARD

### A. Failure to Exhaust Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, a prisoner must exhaust all administrative remedies

2

before filing an action challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). Proper exhaustion requires a prisoner to comply with the procedural rules of his prison's grievance process. Woodford v. Ngo, 548 U.S. 81, 93 (2006). If a prisoner fails to properly exhaust his administrative remedies, his claim will be dismissed. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

While a motion to dismiss is normally confined to the four corners of a complaint, the court may decide factual matters to ensure that plaintiffs suing under 42 U.S.C. § 1997e have exhausted their administrative remedies. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). This involves a two-step process. Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). First, if the defendant alleges conflicting facts in his motion to dismiss, the court takes the plaintiff's allegations as true and decides if those facts demonstrate proper exhaustion. Id. If the plaintiff's claim survives step one, the court must make specific findings to resolve any factual dispute. The court then decides whether, under those findings, the plaintiff has exhausted his administrative remedies. Id. During this inquiry, the defendant bears the burden of proving that a plaintiff has failed to exhaust his available administrative remedies. Id.

**B. Motion to Dismiss**

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must include enough "factual allegations to raise a right to relief above the speculative level," and those facts must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545, 570 (2007). Although a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. The Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A complaint should not be dismissed for failure to state a claim, however, "unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Robinson v. United States, 484 F. App'x 421, 423 (11th Cir. 2012) (quoting Lopez v. First Union Nat'l Bank of Fla., 129

4

F.3d 1186, 1189 (11th Cir. 1997)). At this stage, courts must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009) (citing Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262 (11th Cir. 2004)).

### III. DISCUSSION

**A. Proper Exhaustion of Administrative Remedies**

*1. Plaintiff's Sexual Assault Grievance*

Plaintiff claims he filed a sexual assault grievance on June 23, 2016. While GDOC's Standard Operating Procedure ("SOP") IIB05-0001 normally requires grievances to be filed within ten days of the incident, sexual assault grievances do not have a time limit.[1] Additionally, the SOP provides that "[i]f an offender files a grievance involving sexual assault . . . such actions automatically end the grievance process." Since Plaintiff's sexual assault grievance was timely and filing the grievance ended the grievance process, Plaintiff has alleged proper exhaustion.

However, Plaintiff's June 23, 2016, grievance was raised for the first time in his sur-reply. The Complaint, on the

---

[1] Although this is not directly stated in the SOP, GDOC Policy Number 208.06 adopts the standards found at 28 C.F.R. § 115. Under 28 C.F.R. § 115.52(b)(1), sexual assault grievances are not subject to a time limit.

other hand, only identifies filings on April 27 and June 9, 2016. Normally, a plaintiff may not make factual allegations in a reply to a motion to dismiss. Hulls v. Llabona, 437 F. App'x 830, 832 n.5 (11th Cir. 2011). Nevertheless, Defendants have not objected to Plaintiff's filing and there is no sign that considering these facts will cause unfair prejudice. See Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996); Royal v. New York Life Ins. Co., 2015 WL 339781, at *5 (S.D. Ga. Jan. 26, 2015) ("[T]hough Royal submitted new evidence on sur reply, such new evidence does not necessarily prejudice Defendants, as they were free to notice their intent to file an additional sur reply.") Therefore, the Court will consider the facts alleged in Plaintiff's sur-reply. Since Defendants have not challenged the sufficiency of the June 23, 2016 filing, Defendants have failed to meet their burden that Plaintiff did not properly exhaust his administrative remedies.[2] Accordingly, Defendants' motion to dismiss for improper exhaustion is denied.

*2. Plaintiff's Retaliation Grievance*

Defendants also argue that Plaintiff did not exhaust the administrative remedies available for his retaliation complaint. Plaintiff admits that although he was transferred on June 9,

---

[2] The Court need not consider the sufficiency of Plaintiff's April 27 and June 9 sexual assault grievances with respect to proper exhaustion.

6

2016, he did not file a grievance protesting that transfer until November 23, 2016. (Winstead Decl., Doc. 6, at 17.) As previously mentioned, the SOP generally provides that prisoners have ten days to file a grievance. Plaintiff's grievance was filed well beyond this deadline. Additionally, Plaintiff offered no explanation for why his grievance was untimely. A plaintiff does not meet the proper exhaustion standard when he fails to offer good cause for an untimely complaint. Isaac v. Donald, 211 F. App'x. 859, 861 (11th Cir. 2006). Thus, even taking Plaintiff's allegations as true, Plaintiff failed to properly exhaust his administrative remedies. Accordingly, Defendants' motion to dismiss Plaintiff's retaliation claim is granted.

By filing a sexual assault grievance on June 23, 2016, Plaintiff properly exhausted his administrative remedies with respect to his deliberate indifference claim. On the other hand, Plaintiff's retaliation claim was not filed until months after he was transferred to Telfair State Prison. Because he failed to offer good cause for his delay, Plaintiff did not properly exhaust the administrative remedies available for his retaliation complaint.

7

## B. Deliberate Indifference

Plaintiff claims that by failing to transfer him to a different cell, Defendants Williams and Jackson acted with deliberate indifference to Plaintiff's safety. "[A] prison official's failure to act in certain circumstances can amount to an infliction of cruel and unusual punishment. An official's deliberate indifference to a known danger violates a prisoner's Eighth Amendment rights." McCoy v. Webster, 47 F.3d 404, 407 (11th Cir.1995) (citing Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). An Eighth Amendment violation for deliberate indifference occurs when (1) there is a substantial risk of serious harm; (2) the defendant is deliberately indifferent to that risk; and (3) that indifference causes the plaintiff's injury. Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013).

The first element--a substantial risk of serious harm--employs an objective standard. Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1028 (11th Cir. 2001). The second element--the defendant's deliberate indifference to that risk--has an objective and subjective component. Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007). To satisfy the subjective component, a plaintiff must demonstrate that the defendant had actual knowledge of a substantial risk of serious harm. Id. The objective component asks whether the defendant

8

disregarded the risk by reacting in an unreasonable manner. Id. The third element--causation--asks whether a plaintiff has alleged a link between a defendant's act or omission and the excessive risk of violence, and a link between the risk of violence and the plaintiff's injury. Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1585 (11th Cir. 1995).

Given the violent assault on Plaintiff, Defendants Williams and Jackson do not debate the existence of a serious threat of substantial harm. See McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (noting in the context of a § 1983 action that an allegation of an unjustified serious physical assault against a prisoner raises an arguable Eighth Amendment claim). The objective component of the second element, which Defendants Williams and Jackson do not contest, is also satisfied. If Defendants Williams and Jackson had subjective knowledge of the risk that faced Plaintiff, their failure to minimize that risk was unreasonable. Furthermore, Defendants Williams and Jackson do not dispute that if they had subjective knowledge of the risk Plaintiff faced, causation is satisfied.

Nevertheless, Defendants Williams and Jackson argue that the subjective component of the second element has not been satisfied. Plaintiff claims he filed a grievance with Defendant Jackson on April 27, 2016, which "cit[ed] problems with his

9

sexually violent and threatening roommate." (Compl. ¶ 7.) However, the April 27 grievance, which Plaintiff attached to his response to Defendants' motion to dismiss, makes no mention of his cellmate's sexually violent proclivities.[3] Instead, Plaintiff told Defendant Jackson:

> I need to be moved to a one man cell . . . . I am always having problems with a lot of people in the dorm period. I don't want to go to the hole . . . . Please move me A.S.A.P. before I get in trouble . . . . I keep getting roommates that I have a lot of trouble with. I want to go home. (Doc. 6, Ex. A.)

General warnings of a prisoner's problematic nature do not satisfy the subjective component of a deliberate indifference cause of action. McBride v. Rivers, 170 F. App'x 648, 654-55 (11th Cir. 2006) (finding that "'me and that dude had problems. I'm in fear for my life. Don't put me in the cell with him' . . . did not identify a specific prior incident, from which the defendant could infer that a substantial risk existed.") (citing Carter v. Galloway, 352 F.3d 1346, 1349-50 (11th Cir. 2003)). Like the prisoner in McBride, Plaintiff's warning that he was "always having problems with [his] roommate" did not identify a

---

[3] A document attached to a response may be considered without conversion to summary judgment if the document is: (1) central to the plaintiff's claim; and (2) undisputed. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (citing Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999)). Whether Plaintiff's grievance gave notice to Defendants Williams and Jackson is central to the deliberate indifference claim and neither party disputes its authenticity. Thus, the grievance is properly considered without conversion to summary judgment.

10

particular threat that would put Defendants on notice. (Doc. 6, Ex. A.) Moreover, Plaintiff failed to even indicate that he was in fear for his safety. Thus, Plaintiff failed to allege Defendants Williams and Jackson had subjective knowledge of a risk of serious harm, and therefore fails to state a claim for deliberate indifference.

Plaintiff's grievance failed to identify a particular risk that would show Defendants Williams and Jackson had subjective knowledge of a risk of serious harm. Therefore, Defendants Williams and Jackson's motion to dismiss Plaintiff's deliberate indifference claim is granted.

## IV. CONCLUSION

Upon due consideration and in accordance with the foregoing, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss Plaintiff's Complaint (doc. 5) is **GRANTED**. The Clerk is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of January, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

11